IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION

| | |
|---|---|
| MIDRIEL FONSECA-ACOSTA, | ) |
| Petitioner, | ) 3:25-CV-00484-SLH |
| vs. | ) STEPHANIE L. HAINES |
| | ) UNITED STATES DISTRICT JUDGE |
| LEONARD ODDO, *In His Official Capacity as Warden of Moshannon Valley Processing Center, et al.*, | ) |
| Respondents. | ) |

**<u>MEMORANDUM ORDER</u>**

Now pending before the Court is Petitioner Midriel Fonseca-Acosta's ("Petitioner") Motion for a Temporary Restraining Order ("T.R.O.") and a Preliminary Injunction ("P.I.") (ECF No. 3). In terms of relief, Petitioner seeks an order from this Court either: (1) directing that Respondents immediately release Petitioner and barring Respondents from re-detaining him without a pre-deprivation hearing or (2) requiring Respondents to provide Petitioner with a bond hearing. (ECF No. 3-1 at 27).

With respect to Petitioner's request for a *T.R.O.* requiring his immediate release or a bond hearing, either measure would constitute affirmative relief that is not the proper subject of an *ex parte* temporary restraining order—the Court may only potentially afford such relief if it first gives Respondents notice and an opportunity to respond. *Hope v. Warden York County Prison*, 956 F.3d 156 (3d Cir. 2020) (*Hope I*); *Hope v. Warden York County Prison*, 972 F.3d 310 (3d Cir. 2020)

(*Hope II*).[1] Therefore, the Court DENIES Petitioner's Motion at ECF No. 3 insofar as he seeks a T.R.O. However, Petitioner's request for a P.I. remains before the Court.

Accordingly, the Court enters the following Order:

## ORDER OF COURT:

AND NOW, this 31st day of December 2025, IT IS HEREBY ORDERED that, for the reasons set forth in the foregoing Memorandum Order, Petitioner's Motion at ECF No. 3 is DENIED insofar as he requests a Temporary Restraining Order. Petitioner's request for a Preliminary Injunction remains pending before the Court.

IT IS FURTHER ORDERED that, to the extent he has not already done so, Petitioner shall effectuate service of his Motion at ECF No. 3 and this Memorandum Order upon Respondents.

IT IS FURTHER ORDERED that Respondents shall file and serve a written response to Petitioner's filing at ECF No. 3 **within seven (7) days of receipt of service of that filing**. In their Response, Respondents shall address why this Court's decision in *Calzado Diaz v. Noem*, No. 3:25-CV-458, 2025 WL 3628480 (W.D. Pa. Dec. 15, 2025) (finding that § 1226(a), not § 1225(b)(2) governed the detention of a petitioner who had been present in the country for over three years and who was detained in Philadelphia, Pennsylvania, which meant that petitioner was

---

[1] The Court briefly explains its point on this score. In *Hope I*, the Third Circuit explained that a T.R.O. is generally not appealable, while a P.I. is. *Hope I*, 956 F.3d at 159–60. The Third Circuit further stated that when a "*purported* [T.R.O.] goes beyond preservation of the status quo and mandates affirmative relief, the order may be immediately appealable[.]" *Id.* at 160–62 (emphasis added) (ultimately finding that purported T.R.O.s, which the district court issued without affording the Government an opportunity to be heard, and which granted affirmative relief in the form of release of twenty immigration detainees on their own recognizance, were immediately appealable). In other words, in *Hope I*, the Third Circuit implicitly held that orders granting affirmative relief (such as the release of alien detainees on their own recognizance) were P.I.s, not T.R.O.s.

That fact is important because, in *Hope II*, the Third Circuit explained that a court "may not … issue an *ex parte* [P.I.]" *Hope II*, 972 F.3d at 320. Accordingly, based on *Hope I and II*, working together, this Court finds that it cannot issue an *ex parte* order granting affirmative relief. Such relief may only come after the Court has afforded the opposing party notice and an opportunity to be heard. *Hope I*, 956 F.3d at 160 (noting that our "entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted to both sides of a dispute") (cleaned up).

entitled to a bond hearing), does not apply with equal force in this case, in addition to any other issues they see fit to address.

Petitioner may, but is not required to, file and serve a Reply to any Response submitted by Respondents within **three (3) days of receipt of service of Respondents' Response**. The Court will schedule a hearing on the relevant filings as necessary following receipt of any Reply by Petitioner.

BY THE COURT:

*/s/ Stephanie L. Haines*
STEPHANIE L. HAINES
UNITED STATES DISTRICT JUDGE